UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| FRANKIE DUPLANTIS | CIVIL ACTION NO.: |
| VERSUS | JUDGE |
| NORTHROP GRUMMAN CORPORATION | MAG. |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes Complainant, **FRANKIE DUPLANTIS**, a person of the full age of majority and citizen of and resident of the United States of America, State of Louisiana, Parish of Lafayette, who, for his complaint, respectfully represent:

**I.**

Complainant brings this suit under the Admiralty Jurisdiction, 28 U.S.C. 1333 and the General Maritime Law,

Made Defendant herein are:

1. **NORTHROP GRUMMAN CORPORATION,** a foreign corporation domiciled in the State of Delaware, authorized to do and doing business in the State of Louisiana, whose principal office is located at 1840 Century Park East, Los Angeles, California 90067, and whose registered agent for service of process is C T Corporation System, 5615 Corporate Boulevard, Ste. 400B, Baton Rouge, Louisiana 70808; (hereinafter referred to as "**NORTHROP**");

**II.**

On or about **January 16, 2009**, complainant, **FRANKIE DUPLANTIS**, was employed by E & E Machine Shop and Services, L.L.C.. (hereinafter referred to as "E & E Machine Shop") and working on a US Navy vessel believed to be the US Navy LHAD-8.

### III.

Upon information and belief, the US Navy vessel LHAD-8 was owned and operated by the United States Government.

### IV.

Upon information and belief, the vessel was in navigable waters at dock in Pascagoula, Mississippi.

### V.

Upon information and belief, the United States Government entered into a contract with Defendant, Northrop to build said vessel, the US Navy LHAD-8.

### VI.

Upon information and belief after the building of said vessel was completed, several sea trials were conducted whereupon it was determined that some refurbishing was necessary including the re-chroming of one of the hydraulic cylinders of said vessel.

### VII.

Upon information and belief, at all times germane to this litigation, Northrop contracted with CS Controls, Inc. to provide services and employees to perform some of the work for which it was contracted to provided to the United States Government regarding the vessel US Navy LHAD-8.

### VIII.

Upon information and belief, at all times germane to this litigation, CS Controls, Inc. contracted with E & E Machine Shop to provide an employee such as Frankie Duplantis to perform some of the work for which it was contracted to provide to Northrop and/or the US Navy and namely the rechorming of the hydraulic cylinder on said vessel referenced hereinabove which is very specialized work.

### IX.

At all times germane and particularly on January 16, 2009, Frankie Duplantis was an employee of E & E Machine Shop while he was performing work aboard the US Navy LHAD-8.

### X.

As a result of the contract between CS Control, Inc. and E & E Machine Shop, Frankie Duplantis was aboard the US Navy LHAD-8 at the time of his injury on January 16, 2009.

### XI.

Frankie Duplantis used his own tools and the tools of E & E Machine Shop to perform the work for which he was contracted to perform aboard the US Navy LHAD-8 in relation to the subject cause.

### XII.

The work that Frankie Duplantis was performing aboard the US Navy LHAD-8 was very specialized work requiring the re-chroming of one of the hydraulic cylinders of said vessel.

### XIII.

The work that was being performed by Frankie Duplantis aboard the US Navy LHAD-8 vessel on January 16, 2009, was exclusively within the control of Frankie Duplantis as the work that he was doing was very specialized.

### XIV.

At no time while aboard the US Navy LHAD-8 while performing his work did Frankie Duplantis ever acquiesce to any type of employment relationship with Northrop, CS Controls, Inc., the United States Government or any other third party.

### XV.

The work being performed by Frankie Duplaintis aboard the US Navy LHAD-8 on January

16, 2009, was totally and exclusively controlled by E & E Machine Shop from whom Frankie Duplantis received a paycheck.

### XVI.

While aboard the vessel the US Navy LHAD-8, Frankie Duplantis' work was being monitored by an employee of CS Controls, Inc. Gerald Louviere.

### XVII.

On January 12, 2009, Frankie Duplantis arrived to begin his work aboard the vessel US Navy LHAD-8 re-chroming one of the hydraulic cylinders of the vessel and worked in the same area aboard said vessel during his entire stay.

### XVIII.

Unbeknownst to Gerald Louviere and Frankie Duplantis, a pumping crew of Northrop Grumman had opened an emergency hatch over night while they were not on site near the area that they were working and did not cordon off or flag the area or otherwise warn Frankie Duplantis or Gerald Louviere in any fashion that the hatch had been opened in their absence.

### IXX.

On or about January 16, 2009, while performing his employment duties aboard the US Navy LHAD-8, Complainant, Frankie Duplantis was injured when he fell through the hatch which was left opened by an employee of Northrop causing him to fall at least fifteen feet to the bottom of the hull of said vessel causing him serious and permanent injuries.

### XX.

The injuries suffered by Complainant, Frankie Duplantis, were caused totally, solely and/or concurrently through the independent and/or vicarious negligence and/or fault of Northrop by the actions and/or inactions of its agents, servants, and/or employees, for whom it is responsible in the

following nonexclusive particulars, to wit:

1. By failing to exercise reasonable care in the discharge of a duty which the defendant owed to a person in the capacity of complainant, **FRANKIE DUPLANTIS**;

2. By creating an unreasonable risk of harm to persons in the capacity of Frankie Duplantis

3. By carelessly and negligently creating and/or causing an inherently dangerous situation to exist in the work environment for which defendant, Northrop is responsible;

4. By failing to utilize and/or implement safe working procedures;

5. Operational negligence;

6. By opening a hatch in close proximity to ongoing work of third party employees of another company and by failing to do what should have been done so as to avoid unreasonable risk of injury to such third party employees in the capacity of Complainant, Frankie Duplantis;

7. By failing to close a hatch that had been opened by one of its employees which should have been closed under the circumstances so as to prevent foreseeable risk of harm to a person in the capacity of Frankie Duplantis;

8. By failing to cordon off the area so that a person in the capacity of Frankie Duplantis could not fall through the open hole;

9. By failing to properly warn, Frankie Duplantis of the fact that a hatch in or near his work area had been opened in his absence;

10. By failing to cordon off the area of a open hatch in the work area of Frankie Duplantis so that a person in his capacity could not fall through the open hole;

11. Any and all acts of negligence and or fault which will be proven at the trial of this matter.

**ALL OF THE ABOVE ACTS OF NEGLIGENCE AND/OR FAULT ARE CONTRARY TO THE LAWS OF THE UNITED STATES AND THE LAWS OF THE STATE OF MISSISSIPPI, ALL OF WHICH ARE PLED HEREIN AS IF COPIED BE IN EXTENSIO.**

## XXI.

At all times mentioned herein, complainant, **FRANKIE DUPLANTIS**, was free from any fault whatsoever causing a bringing about injuries.

## XXII.

As a direct result of the aforementioned accident, complainant, **FRANKIE DUPLANTIS**, has sustained serious injuries and damages which he outlines in the following non exclusive particulars, to-wit:

1. Physical pain and suffering, past
2. Physical pain and suffering, future
3. Mental pain and suffering, past
4. Mental pain and suffering, future
5. Medical expenses, past
6. Medical expenses, future
7. Loss of income and/or loss of earning capacity, past
8. Loss of income and/or loss of earning capacity, future
9. Loss of enjoyment of life and inconvenience, past
10. Loss of enjoyment of life and inconvenience, future
11. Permanent disability

Thus complainant, **FRANKIE DUPLANTIS**, desires and is entitled to such damages in an as is reasonable in the premises.

WHEREFORE, the premises considered, complainant, **FRANKIE DUPLANTIS**, prays:

That the defendants, **NORTHROP** be cited and served with a copy this Complaint for Damages, in order to answer same in the manner and form provided by law; That after due proceedings had there be judgment herein in favor of complainants, **FRANKIE DUPLANTIS**, and against the defendants, **NORTHROP** for compensatory damages in an amount reasonable and proper under the appropriate laws of the United States of America, together with legal interest thereon and for all costs of these proceedings, said amount being necessary to properly compensate

complainants for all remedies and causes of action pled in this complaint; and for all other orders or decrees that are necessary in the premises and for full, general and equitable relief.

Respectfully submitted,

**BOB BROUSSARD,**
*A PROFESSIONAL LAW CORPORATION*

_____
BOB BROUSSARD (Bar Roll #1267)
201 Rue Iberville, Ste. 300
Lafayette, LA 70508
Telephone: (337) 232-3333
ATTORNEYS FOR COMPLAINANT

**PLEASE SERVE:**
**NORTHROP GRUMMAN CORPORATION**
Through its registered agent for service of process
C T Corporation System
5615 Corporate Boulevard, Ste. 400B
Baton Rouge, Louisiana 70808

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **FRANKIE DUPLANTIS** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE** |
| **NORTHROP GRUMMAN** | **MAG** |

**************************************************************************

### VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, personally came and appeared:

**FRANKIE DUPLANTIS**

who, after first being duly sworn by me, declared that he has read the foregoing Complaint for Damages and that the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
FRANKIE DUPLANTIS

SWORN TO AND SUBSCRIBED before me this _12_ day of _October_, 2010, at Lafayette, Louisiana.

_____
NOTARY PUBLIC